**Ernest MOISE, et al., Plaintiffs,**

**Hedwiche Jeanty, Brunot Colas, et al., on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,**

v.

**John M. BULGER, Acting Director for District 6, Immigration and Naturalization Service, James W. Ziglar, Commissioner, Immigration and Naturalization Service, et al., Defendants–Appellees.**

No. 02–13009.

United States Court of Appeals, Eleventh Circuit.

Feb. 20, 2003.

Rebecca Sharpless, Florida Immigrant Advocacy Center, Inc., Miami, FL, for Plaintiffs–Appellants and Intervenors.

· Charles F. Elsesser, Jr., Florida Legal Services, Inc., Miami, FL, for Plaintiffs–Appellants.

M. Jocelyn Wright and David V. Bernal, Civ. Div., Washington, DC, Anne R. Schultz, Miami, FL, for Defendants–Appellees.

Douglas C. Gray, Kramer, Levin, Naftalis & Frankel, LLP, New York City, for Amicus Curiae, Lawyers Committee for Human Rights.

Before WILSON and FAY, Circuit Judges, and LIMBAUGH*, District Judge.

PER CURIAM:

Laurence St. Pierre[1] appeals the district court's order denying Petitioners' Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunction or Class Writ of Habeas Corpus and Request for an Immediate Emergency Hearing, denying as moot the motion to certify the class, and dismissing the Class Action Petition for·Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief. St. Pierre challenges an Immigration and Naturalization Service (INS) policy implemented in December of 2001, which instructed the Miami INS office that no undocumented Haitian nationals arriving in South Florida were to be paroled without the approval of the INS headquarters. In reaching our decision, we considered (1) whether, given the jurisdictional bar set forth in 8 U.S.C. § 1252(a)(2)(B)(ii), the district court properly concluded that it had only habeas jurisdiction over the claims; (2) whether Peter Michael Becraft, the Acting Deputy Commissioner of the INS, validly exercised the attorney general's delegated authority over parole determinations when he implemented the Haitian detention policy; (3) whether the reasons given by the government for the implementation of the Haitian detention policy were facially legitimate and bona fide; (4) whether the district court erred by failing to conduct an evidentiary hearing or permit discovery; (5) whether the Haitian detention policy was exempt from the rulemaking requirements of the Administrative Procedures Act; and (6) whether the Fifth Amendment challenge to the Haitian detention policy was valid.

After a thorough review of the record and the parties' briefs and after the benefit of oral argument, we affirm based upon the district court's well-reasoned order of May 17, 2002, within which each of these issues is comprehensively resolved. *See Jeanty v. Bulger*, 204 F.Supp.2d 1366 (S.D.Fla.2002).

AFFIRMED.

---

* Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. Initially, four of the six petitioners who brought the underlying action in the district court were parties to this appeal. Junior Prospere, Hedwiche Jeanty, and Brunot Colas were removed to Haiti, however, and, as a result, were dismissed from this appeal. Thus, St. Pierre is the only remaining appellant, and we address the issues set forth herein as they pertain to her.